IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 JUL 30 PM 3: 39

U.S. DISTRICT COURT
N.D. OF ALABAMA

STEVEN SELF, et al.,

    Plaintiffs,

v.

FINANCIAL RESOURCE GROUP, et al.,

    Defendants.

CIVIL ACTION NO.
03-AR-1464-S



ENTERED
JUL 3 0 2003

### MEMORANDUM OPINION

The court has before it plaintiffs' motion to remand filed on July 18, 2003, and argued on July 25, 2003.

Defendants removed this case to this court from the Jefferson County Circuit Court by invoking 28 U.S.C. § 1331, alleging the existence of a federal question discovered less than thirty days prior to the removal. The removing defendants say that plaintiffs' claim involves an ERISA governed plan. The removing defendants rely on the universally accepted proposition that ERISA super-preempts all claims brought under state law if an ERISA plan is implicated.

This case has an interesting twist. In their state court complaint, plaintiffs expressly, categorically and vehemently disclaim any reliance whatsoever upon any federal liability theory. This means that if ERISA does, in fact or law, preempt all of plaintiffs' various state law claims, plaintiffs are out of luck, and, as a practical matter are agreeing in advance to a dismissal



of their action by the state court. This court is not prepared to prevent plaintiffs from taking the risk inherent in their disclaimer.

Assuming *arguendo* that plaintiffs' claim "relates to" an ERISA plan, triggering a removal opportunity despite plaintiffs' unique disclaimer, the actual existence of an ERISA plan must appear in the notice of removal. Mere conclusory allegations are insufficient. Although plaintiffs deny the existence of an ERISA plan and submit proof in support of their said contention, the burden is not upon them to disprove a bare allegation of ERISA involvement. The burden is upon the removing defendants to prove the actual existence of an ERISA plan. The removing defendants have not met this burden. For this reason alone, the removal was improvident.

There is yet another reason why this removal was improvident. A notice of removal must be filed within thirty days after any defendant first discovered or should have discovered the facts upon which removal jurisdiction could reasonably be based. At least one defendant in this case, at the time the complaint was served, necessarily had available the same information that was revealed to counsel for the removing defendants during the depositions from which the removing defendants say that they "were able to ascertain intelligently that the requirements of removability were present." What about the knowledge of those same facts by the non-removing

defendants who only **consented** to the removal but did not join it? Put another way, what about the fact that the deponents, from whom the removing defendants supposedly first discovered the existence of an ERISA plan, were themselves defendants who knew more than thirty days before the removal what they knew when they were deposed? The knowledge of a party is imputed to his lawyer. This removal simply did not take place within thirty days of first knowledge by one or more defendants on an arguable basis for an ERISA relationship.

Plaintiffs have accompanied their remand motion with a motion to assess against defendants the costs of their anticipated successful resistance to an improvident removal. Plaintiffs correctly point out that there is a presumption in favor of the assessment of such costs, but fail to mention that they are seeking to assess such costs against both the **removing** defendants and the **consenting** defendants. Title 28, Section 1447(c), discussed by this court in *Gray v. New York Life Ins. Co.*, 906 F. Supp. 628 (N.D. Ala. 1995), does not contemplate the recovery of costs against a **consenting** defendant, as contrasted to a **removing** defendant. The **consenting** defendant's risk is substantially less than that of a defendant who actually files the notice of removal.

In this case, the court is reluctant to assess costs even against the **removing** defendants because removals based on ERISA super-preemption are such a routine and expected happening in

3

today's world. It is not so much that the removing defendants here have failed to assess the risk of exposure to the assessment of plaintiffs' attorney's fees in the event the result is found to be erroneous as it is that in this case the removing defendants were tempted, taunted and stampeded by plaintiffs' ostentatious disclaimer. It was too much to resist. The fact that the removing defendants rose to the bait should not automatically stick them with plaintiffs' attorney's fees.

An appropriate separate order will be entered.

DONE this 30th day of July, 2003.

/s/ Joseph M Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE